IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHRIMAR SYSTEMS, INC. d/b/a CMS TECHNOLOGIES, INC., a Michigan Corporation,<br>                Plaintiff,<br><br>   v.<br><br>POWERDSINE LTD.,<br>an Israel corporation, POWERDSINE CORP., a New York corporation,<br>                Defendants.<br>_____/ | Civil Action No. 01-74081<br><br>Hon. Avern Cohn |

**PLAINTIFF CHRIMAR SYSTEMS, INC.'S ANSWER
TO POWERDSINE'S FIRST AMENDED COUNTERCLAIMS**

      Plaintiff Chrimar Systems, Inc., by and through its attorneys, hereby answers the First Amended Counterclaims of Defendant's PowerDsine, as follows:

**THE PARTIES**

      1.      Chrimar denies the non-specified allegations of the "preceding paragraphs" incorporated by reference by PowerDsine.

      2.      Admitted.

      3.      Admitted.

      4.      Denied.

## JURISDICTION AND VENUE

5.	Chrimar admits that the counterclaims are purportedly filed under 35 U.S.C. §1 et seq. and 28 U.S.C. §§2201 and 2202, but Chrimar denies that the counterclaims have any merit.

6.	Admitted.

7.	Admitted.

8.	Admitted.

9.	Admitted.

10.	Denied.

11.	Chrimar lacks sufficient information to admit or deny that PowerDsine is "a leading supplier of this fast-growing technology", but Chrimar admits the remaining allegations of paragraph 11.

12.	Admitted.

13.	Chrimar lacks sufficient information to admit or deny the allegations of paragraph 13 and therefore denies same.

14.	Chrimar lacks sufficient information to admit or deny the allegations of paragraph 14 and therefore denies same.

15.	Denied.  However, Chrimar states that on December 3, 2001, Chrimar issued a "Letter of Assurance" – without regard to any IEEE patent licensing policy – stating that Chrimar was prepared "to grant un unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and conditions to comply with the [proposed] IEEE Standard [802.3af]."

16.	Chrimar admits that it stated in its December 3, 2001 "Letter of Assurance" that it was prepared "to grant an unrestricted number of applicants on a worldwide, non-discriminatory

2

basis and on reasonable terms and conditions to comply with the [proposed] IEEE Standard." Chrimar denies any remaining allegations of paragraph 16.

17.	Chrimar lacks sufficient information to admit or deny the allegations of paragraph 17 and therefore denies same.

18.	Chrimar lacks sufficient information to admit or deny the allegations of paragraph 18 and therefore denies same.

19.	Chrimar denies that PowerDsine's ICs and DIMMs are "complete PoE systems on chips." Chrimar lacks sufficient information to admit or deny the remaining allegations of paragraph 19 and therefore denies same.

20.	Chrimar lacks sufficient information to admit or deny the allegations of paragraph 20 and therefore denies same.

21.	Chrimar admits that it previously sued Cisco Systems. Chrimar denies the remaining allegations of paragraph 21.

22.	Chrimar denies that the Cisco case was a "companion case", but Chrimar admits the remaining allegations of paragraph 22.

23.	Chrimar admits the allegations of paragraph 23 and further states that such summary judgment was a not entered as a final judgment, and, accordingly, never constituted an appealable judgment.

24.	Chrimar admits that the Court stated in the Chrimar-Cisco action that "only a device with a current loop of communication lines carrying data can infringe claim 1." Chrimar denies the remaining allegations of paragraph 24.

25.	Denied.

26. Chrimar admits that Chrimar entered into a license and settlement with Cisco. Chrimar denies the remaining allegations of paragraph 26.

27. Denied.

28. Denied.

## POWERDSINE'S FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement Pursuant to 35 U.S.C. 271(a))

29. Chrimar incorporates paragraphs 1-27 of this Answer as if fully set forth herein.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## POWERDSINE'S SECOND COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement Pursuant to 35 U.S.C. §271(b) and (c))

34. Chrimar incorporates paragraphs 1-33 of this Answer as if fully set forth herein.

35. Denied.

36. Chrimar states that no actual controversy exists with respect to PowerDsine's IC or DIMM products, as Chrimar has not asserted the '260 patent against those products.

37. Denied.

38. Denied.

4

## POWERDSINE'S THIRD COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the Patents-in-Suit)

39. Chrimar incorporates paragraphs 1-38 of this Answer as if fully set forth herein.

40. Denied.

41. Denied.

## POWERDSINE'S FOURTH COUNTERCLAIM

### (Declaratory Judgment of Unenforceability of the Patents-in-Suit)

42. Chrimar incorporates paragraphs 1-41 of this Answer as if fully set forth herein.

43. Denied.

44. Denied.

## POWERDSINE'S FIFTH COUNTERCLAIM

### (Declaratory Judgment of What Constitutes Reasonable and Non-Discriminatory Terms)

45. Chrimar incorporates paragraphs 1-44 of this Answer as if fully set forth herein.

46. Denied.

47. Denied.

## RESPONSE TO POWERDSINE'S PRAYER FOR RELIEF

Wherefore, Plaintiff, CMS Technologies, Inc., prays for the entry of judgment from this Court that:

(a) United States Patent No. 5,406,260 was duly and legally issued, and is valid and enforceable;

5

(b) PowerDsine, Ltd. and PowerDsine, Inc. have directly and/or contributorily infringed United States Patent No. 5,406,260 and/or actively induced infringement of United States Patent No. 5,406,260 by others by the manufacture and sale of their mid-span Power-Over-Ethernet power patch and "switch" products;

(c) PowerDsine, Ltd. and PowerDsine, Inc. be preliminarily and permanently enjoined from engaging in any further acts of infringement of United States Patent No. 5,406,260 with respect to their mid-span Power-Over-Ethernet power patch and "switch" products;

(d) CMS Technologies, Inc. be awarded damages adequate to compensate for the infringement by PowerDsine, Ltd. and PowerDsine, Inc., pursuant to 35 U.S. C. § 284;

(e) PowerDsine, Ltd.'s and PowerDsine, Inc.'s infringement has been willful, thereby entitling CMS Technologies, Inc. to recover treble damages, pursuant to 35 U.S.C. § 284;

(f) The infringement by PowerDsine, Ltd. and PowerDsine, Inc. has been such as to render this action exceptional, and CMS Technologies, Inc. be awarded reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

(g) CMS Technologies, Inc. awarded such other and further relief as this Court may deem to be right and just.

Respectfully submitted,

**RADER, FISHMAN & GRAUER PLLC**

Dated:  July 20, 2006					By: /s/ Glenn E. Forbis
    R. Terrance Rader, Esq.
    Glenn E. Forbis, Esq.
    39533 Woodward Avenue, Suite 140
    Bloomfield Hills, Michigan 48304
    Tel.:  (248) 594-0600
    Fax:  (248) 594-0610
    Email: gef@raderfishman.com

    *Attorneys for Plaintiff*
    *CMS Technologies, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2006, I electronically filed the foregoing PLAINTIFF CHRIMER SYSTEMS, INC.'S ANSWER TO POWERDSINE'S FIRST AMENDED COUNTERCLAIMS with the Clerk of the Court using ECF system which will send notification of such filing to the following:

William Anthony, Esq.
Rachel D. Albright, Esq.
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
Fax: (650) 614-7401
ralbright@orrick.com
wanthony@orrick.com

Herschel P. Fink
Honigman Miller Schwarz & Cohn
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226
hpf@honigman.com

  /s/ Glenn E. Forbis_____
  Glenn E. Forbis, Esq.
  39533 Woodward Avenue, Suite 140
  Bloomfield Hills, Michigan 48304
  Tel.: (248) 594-0600
  Fax: (248) 594-0610
  Email: gef@raderfishman.com