UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIMAR SYSTEMS, INC.
d/b/a CMS TECHNOLOGIES, INC.,
a Michigan Corporation,

Plaintiff,

v.

POWERDSINE LTD., an Israel Corporation, and
POWERDSINE CORP., a New York Corporation,

Defendants.

Civil Action No. 01-74081

Honorable Avern Cohn

**NOTICE OF JOINDER BY DEFENDANTS POWERDSINE LTD. AND POWERDSINE CORP. IN THE MOTION BY FOUNDRY SYSTEMS, INC. TO BIFURCATE AND CONSOLIDATE COUNTERCLAIMS RELATED TO "RAND" ISSUES**

Herschel P. Fink (P13427)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
Detroit. Michigan 48226
(313)-465-7400
hpf@honigman.com

William Anthony, Jr.
Monte M.F. Cooper
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400
wanthony@orrick.com
mcooper@orrick.com

Defendants PowerDsine Ltd. and PowerDsine Corp. (collectively "PowerDsine"), by and through their undersigned attorneys, hereby joins in the Motion filed by Foundry Networks, Inc. ("Foundry"), on April 18, 2007, in Case No. 06-13936, *Chrimar Systems, Inc. v. Foundry Networks, Inc.*, which requests that the Court follow the procedure it previously suggested during its February 22, 2007 Status Conference[1] that it would employ to address a critical and novel issue of patent licensing law.

Specifically, D-Link moves to consolidate, bifurcate, and expedite all declaratory judgment counterclaims for patent misuse, unenforceability, and for a declaration of rights and terms, to the extent the counterclaims have been raised by PowerDsine in this action, by Foundry in Case No. 06-13936, and by D-Link Systems, Inc. ("D-Link") in Case No. 06-13937, *Chrimar Systems, Inc. v. D-Link Systems, Inc.*, and to the extent that Defendants contend in such counterclaims that Plaintiff Chrimar Systems, Inc. ("Chrimar") has failed to offer a license under United States Patent No. 5,406,260 ("the '260 patent") on reasonable and nondiscriminatory ("RAND") terms to any company manufacturing or offering products for sale that implement the IEEE 802.3af standard for Power-Over-Ethernet ("PoE") technology, including PowerDsine, Foundry, and D-Link. These important and highly novel issues of patent law can and should be tried and resolved by the Court in advance of all other patent issues.

Pursuant to Federal Rule of Civil Procedure 42, consolidation, bifurcation, and expedition of these counterclaims would be in furtherance of convenience, promote judicial economy, and avoid unnecessary costs and delay, inasmuch as resolution of the RAND issues will lead to a determination of what are the appropriate royalty and license terms that can be sought by Chrimar from any company offering PoE products subject to the IEEE 802.3af standard. As explained by Foundry in its Motion to Bifurcate, such resolution may determine the enforceability of the `260 patent, will resolve critical and novel legal rights and

---

[1] A copy of the Court's oral ruling is attached hereto as Exhibit A.

obligations associated with standards-based licensing and what constitutes a "reasonable and non-discriminatory term" that are highly relevant to the entire industry, is likely to have a significant impact on settlement discussions by all of the parties, and potentially could lead to the resolution of the case without the parties having to engage in costly litigation directed to issues associated with patent invalidity and infringement. Indeed, determination of what constitutes RAND could potentially resolve the patent litigation in its entirety, saving all parties hundreds of thousands of dollars in litigation expenses, while also resolving an extremely important question of licensing law that is of equal interest to members of the IEEE 802.3af standards community in particular, and to lawyers and academics in general.

For this reason, D-Link and PowerDsine further request that the Court follow preliminary suggestions made by the Court at the February 22, 2004 Status Conference, and stay all fact discovery in their actions un-related to RAND matters.[2] D-Link and PowerDsine believe that the proposed RAND-related discovery schedule set forth in Foundry's Motion to Consolidate is adequate to address all necessary bifurcated issues. At the conclusion of the RAND action, if the parties believe it necessary to pursue investigation of other matters such as patent invalidity or infringement, then Court can the determine at that point what scheduling procedure to employ with respect to each of the actions, including fact discovery on non-RAND related matters.[3]

---

[2] D-Link and PowerDsine do not object if Chrimar and Foundry elect to pursue non-RAND related fact discovery in Case No. 06-13936, *Chrimar Systems, Inc. v. Foundry Networks, Inc.*, and simply request that such discovery be limited to that action, despite the consolidation.

[3] D-Link and PowerDsine agree with Foundry that Chrimar's proposal, set forth in Chrimar's "Stipulation" filed in response to the February 22, 2007 Status Conference, is unworkable and contrary to law to the extent that Chrimar demands that all Defendants enter into compulsory licenses immediately upon conclusion of the RAND issues. The RAND issues are directed to what constitutes reasonable and non-discriminatory terms – not whether the RAND license can be involuntarily imposed on any party that is compliant with the IEEE 802.3af standard. To demonstrate that D-Link, PowerDsine, Foundry, or any other company offering PoE devices

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: April 19, 2007 | /s/ Herschel Fink |

Herschel Fink (P13427)
HONIGMAN MILLER SCHWARTZ & COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI  48226
Telephone:   (313) 465-7400
Facsimile:     (313) 465-7401
hfink@honigman.com

William Anthony, Jr.
Monte M.F. Cooper
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:   (650) 614-7400
Facsimile:     (650) 614-7401
wanthony@orrick.com
mcooper@orrick.com

ATTORNEYS FOR DEFENDANTS POWERDSINE LTD. AND POWERDSINE CORP.

---

must take a RAND license, Chrimar is obligated first to prove that the relevant claims of the `260 patent are, in fact, both valid and infringed. That is to say, while RAND requires Chrimar to offer the `260 patent to any manufacturer or seller of products compliant with the IEEE 802.3af standard on terms that are reasonable and non-discriminatory, RAND does not obligate any manufacturer or seller to actually accept the offer.

-4-

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2007, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Glenn E. Forbis and R. Terrence Rader.

/s/ Herschel P. Fink
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
Detroit, MI  48226
(313) 465-7400
hpf@honigman.com
(P13427)

DETROIT.2596863.1